IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EN DONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File |
| vs. | ) No. 1:21-cv-04689-MHC |
| | ) |
| SUPER HIBACHI DULUTH, INC., | ) |
| YUN BAO HUANG, and | ) |
| YONGZHAO YAN, | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT

Plaintiff En Dong, by and through counsel, files this Complaint against Defendants Super Hibachi Duluth, Inc. ("Super Hibachi"), Yun Bao Huang ("Huang"), and Yongzhao Yan ("Yan") (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* by failing to pay Plaintiff proper overtime wages. Plaintiff files this Complaint against Defendants to recover unpaid wages, liquidated damages, prejudgment interest, costs, and attorneys' fees.

In support of his claim, Plaintiff asserts as follows:

## INTRODUCTION

1. This lawsuit arises from Defendants' willful breaches of the FLSA

when failing to properly calculate and pay Plaintiff overtime wages for the relevant period.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

3. Plaintiff En Dong is a resident of Georgia in this judicial district and division.

4. Defendant Super Hibachi is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 1630 Pleasant Hill Rd., Ste. 300, Duluth, GA 30096.

5. Defendant Super Hibachi's registered agent for service of process is Yun Bao Huang at 1630 Pleasant Hill Rd. Ste 300, Duluth, GA 30096.

6. Super Hibachi had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

7. At all relevant times, Defendant Huang was the owner, general

manager, and/or primary decision maker for Super Hibachi.

8. Defendant Huang can be served at 2510 Village Place Dr., Duluth, GA 30096.

9. At all relevant times, Defendant Yan was the owner, general manager, and/or primary decision maker for Super Hibachi.

10. Defendant Yan can be served at 3236 Ivy Birch Way, Buford, GA 30519.

11. At all relevant times, Defendants have continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

12. Defendants employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

13. Plaintiff's claims arise from his employment as a cook at Super Hibachi ("the Restaurant") located at 1630 Pleasant Hill Rd., Suite 300, Duluth, GA 30096.

14. At all relevant times, Defendants Huang and Yan were managers, owners and/or co-owners of Super Hibachi.

15. Super Hibachi had more than one employee and had sales made or business done of not less than $500,000.00 during all relevant time periods.

16. Plaintiff was employed by Defendants from approximately March 2015 through October 31, 2021.

17. Plaintiff was a non-exempt employee of Defendants.

18. Plaintiff was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1).

19. Defendants employed Plaintiff within the meaning of the FLSA.

**A. Defendant Huang is Individually Liable for the FLSA Violations.**

20. At all relevant times, Defendant Huang was the owner, general manager, and/or primary decision maker for Super Hibachi; had control and direction over workplace conditions, operations, personnel, and compensation including making hiring and firing decisions relating to Plaintiff; determined Plaintiff's wages; created Plaintiff's schedules; and approved Plaintiff's hours and days off.

21. Defendant Huang, as an owner, general manager, and/or primary decision maker for Super Hibachi, made the decision of what to pay Plaintiff and to withhold overtime compensation in violation of the FLSA.

22. Defendant Huang conspired with other Defendants to pay much of Plaintiff's wages in cash to avoid FLSA and tax liability.

23. Defendant Huang exercised sufficient control over Plaintiff to cause

Defendant Huang to be individually liable for the FLSA violations.

**B. Defendant Yan is Individually Liable for the FLSA Violations.**

24. At all relevant times, Defendant Yan was the owner, general manager, and/or primary decision maker for Super Hibachi; had control and direction over workplace conditions, operations, personnel, and compensation; determined Plaintiff's wages; created Plaintiff's schedules; approved Plaintiff's hours and days off; and prepared Plaintiff's pay checks.

25. Defendant Yan, as an owner, general manager, and/or primary decision maker for Super Hibachi, made the decision of what to pay Plaintiff and to withhold overtime compensation in violation of the FLSA.

26. Defendant Yan conspired with other Defendants to pay much of Plaintiff's wages in cash to avoid FLSA and tax liability.

27. Defendant Yan exercised sufficient control over Plaintiff to cause Defendant Yan to be individually liable for the FLSA violations.

**C. Plaintiff's Employment with Defendants.**

28. Plaintiff's primary job duties as a cook at the Restaurant were preparing and cooking food and restocking the buffet line with food for customers.

29. In performing his job duties for Defendants, Plaintiff did not perform executive functions or manage Defendants' operations.

30. In performing his job duties for Defendants, Plaintiff did not direct or supervise the work of any employees.

31. In performing his job duties for Defendants, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

32. In performing his job duties for Defendants, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

33. Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

**D. Plaintiff's Unpaid Overtime.**

34. Plaintiff was a non-exempt employee of Defendants at the Restaurant and was paid a flat monthly salary regardless of the amount of hours Plaintiff worked.

35. Defendants conspired and decided to violate overtime pay laws and attempted to conceal such violations in many ways, including but not limited to often paying Plaintiff his wages in cash.

36. Plaintiff was scheduled to work and did work six days a week for approximately 12 hours per day at the Restaurant.

37. Defendants sometimes required Plaintiff to work before his scheduled shift began and after his scheduled shift ended.

38. Plaintiff routinely worked in excess of 40 hours per workweek.

39. Defendants maintained records of hours that Plaintiff worked.

40. Defendants denied Plaintiff payment of overtime wage compensation required by the FLSA at a rate of one and one-half times his hourly wage for hours worked in excess of 40 hours per workweek.

41. Defendants willfully and/or deliberately refused to pay Plaintiff his earned overtime wages for hours worked in excess of 40 hours per workweek in violation of the FLSA.

### COUNT I
### FAIR LABOR STANDARDS ACT VIOLATIONS
### UNPAID WAGES

42. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

43. Defendants were Plaintiff's employer and/or joint employer at the Restaurant engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 207(a).

44. At all relevant times, Defendants were engaged in interstate commerce and/or the production of services for commerce, within the meaning of the FLSA,

29 U.S.C. § 207(a).

45. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq*.

46. At all relevant times, Defendants were an enterprise (as that term is defined in the FLSA, 29 U.S.C. § 203(r) and (s)(1)) with multiple employees (including Plaintiff) who were engaged in commerce or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

47. Super Hibachi had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

48. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff for all hours worked, including overtime hours, in violation of the FLSA.

49. Plaintiff regularly worked in excess of 40 hours per workweek at the Restaurant.

50. Defendants had a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours worked more than 40 hours per workweek.

51. As a result of Defendants' willful failure to pay Plaintiff at a rate not

less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per workweek at the Restaurant, Defendants violated the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

52. Defendants' failure to pay overtime wages required by the FLSA constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

53. Plaintiff suffered damages due to Defendants' willful misconduct.

54. Due to Defendants' FLSA violations, Plaintiff was damaged and is entitled to recover compensation for unpaid overtime wages from Defendants; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendants:

A. An award of compensation for unpaid wages to Plaintiff;

B. An award of all liquidated damages for unpaid wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this November 12, 2021.

                                                  **HALL & LAMPROS, LLP**

                                                  /s/ *Brittany A. Barto*
                                                  Gordon Van Remmen
                                                  Ga. Bar # 215512
                                                  Brittany A. Barto
                                                  Ga. Bar # 501673

400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
gordon@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for Plaintiff*

Plaintiff's counsel certifies that this Complaint is in 14-point Times New Roman font.