IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EN DONG,                                          )
                                                  )
        Plaintiff,                                )
                                                  )        Civil Action File
vs.                                               )        No. <u>1:21-cv-04689-MHC</u>
                                                  )
SUPER HIBACHI DULUTH, INC.,    )
YUN BAO HUANG, and                    )
YONGZHAO YAN,                            )
                                                  )
        Defendants.                           )

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff En Dong ("Plaintiff") and Defendants Super Hibachi Duluth, Inc.;

Yunm Bao Huang; and Yongzhao Yan ("Defendants") submit this Joint Preliminary

Report and Discovery Plan pursuant to Rules 16(b) and 26(f) of the Federal Rules

of Civil Procedure and LR 16.2, N.D.Ga.

1.      **Description of Case:**

(a)     Describe briefly the nature of this action.

*This action is brought by Plaintiff against his former employers (Defendants)*

*alleging violations of the Fair Labor Standards Act ("FLSA").  Plaintiff alleges that*

*Defendants did not pay him required overtime compensation.  Plaintiff seeks*

*damages for the alleged FLSA violations as well as an award of attorneys' fees and*

*costs.  Defendants deny that they violated Plaintiff's rights under the FLSA or*

*otherwise.*

(b)     Summarize, in the space provided below, the facts of the case.   The summary should not be argumentative nor recite evidence.

*Plaintiff worked for Defendants as a cook from approximately March 2015 through approximately October 31, 2021.  Plaintiff alleges that he was not exempt from the FLSA. Plaintiff alleges that 1) Defendants improperly classified him as exempt from overtime and 2) failed to pay Plaintiff at a rate of one-and one-half his hourly rate for hours worked over 40 in a workweek. Further, Plaintiff alleges that Defendants' alleged FLSA violations were willful, triggering a 3-year rather than a 2-year statute of limitations under the FLSA.*

*Defendants deny that they violated the FLSA and further deny that any such failure to comply with the statute, if any, was willful or intentional.  Defendants contend that Plaintiff was an exempt professional not subject to the overtime requirements of the FLSA.*

(c)     The legal issues to be tried are as follows:

(1)     *Whether during the relevant period Plaintiff and Defendants were subject to the provisions of the FLSA;*

(2)     *What were the overtime wage compensation obligations Defendants owed Plaintiff pursuant to the FLSA;*

(3)     *Whether the manner in which Defendants compensated Plaintiff complied with its FLSA overtime wage obligations to Plaintiff;*

(4)     *Whether Defendants' overtime wage obligations were subject to a defense, exemption, or exception under the FLSA or otherwise;*

(5)     *Whether the affirmative defenses asserted by Defendants are valid;*

(6)     *To the extent there were any FLSA overtime violations, whether Defendants committed those violations willfully;*

(7)     *To the extent there were any FLSA overtime violations, what are the overtime damages to which Plaintiff is entitled, if any;*

(8)     *To the extent there were any FLSA overtime violations, what are the liquidated damages to which Plaintiff is entitled, if any; and*

(9)     *To the extent there were any FLSA overtime violations, to what other damages, including but not limited to costs and/or attorneys' fees, is Plaintiff entitled and in what amount.*

(d)  The cases listed below (include both style and action number) are:

(1)  Pending Related Cases:  *None.*

(2)  Previously Adjudicated Related Cases:  *None.*

**2.     This case is complex because it possesses one or more of the features listed below (please check):**

_____     (1)     Unusually large number of parties
_____     (2)     Unusually large number of claims or defenses
_____     (3)     Factual issues are exceptionally complex
_____     (4)     Greater than normal volume of evidence

| | | |
|---|---|---|
| _____ | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or action by government |
| _____ | (8) | Multiple use of experts |
| _____ | (9) | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |
| _____ | (11) | Unusually complex discovery of electronically stored information |

*The Parties do not contend this case is complex.*

**3.     Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:          *Gordon Van Remmen*

Defendants:      *Whitney DuPree*

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____ Yes      _X_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)     The following persons are necessary parties who have not been joined: *None.*

(b)     The following persons are improperly joined as parties:  *None.*

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:  *None.*

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:

*None.*

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Schedule is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)     *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)     *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

## 8.     Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. Note: Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

*The Parties have agreed that Initial Disclosure will not be due until February 4, 2022.*

## 9.     Request for Scheduling Conference:

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

*The Parties do not request a Scheduling Conference with the Court at this time.*

## 10.     Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c)

eight months discovery period.   A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

*(a) The factual and legal bases of Plaintiff's claims;*

*(b) The factual and legal bases of Defendants' defenses; and*

*(c) Damages, if any.*

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

*The Parties do not anticipate needing additional time for discovery beyond*

*that allowed by the assigned discovery track.*

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

(a)  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

*At this time the Parties have not identified any need for limitations.*

(b)  Is any party seeking discovery of electronically stored information?

 __X__ Yes        ____ No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of

7

electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

*Parties have discussed the sources and scope of production of ESI, which may consist of employment data, wages, hours worked, and payroll records for Plaintiff. Plaintiff and Defendants have agreed to work together to efficiently exchange all electronic discovery.*

(2)     The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native, method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

*The Parties will accept any form of electronic data that is in a useable, searchable, accessible format burned to a compact disc, thumb drive, or shared via email as this data is not anticipated to be voluminous.*

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.     Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) or (c)?

*None.*

**13.     Settlement Potential:**

(a)     Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>January 26, 2022</u>, and that they

participated in settlement discussions.   Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead Counsel:        */s/      Gordon Van Remmen*
                                              Gordon Van Remmen


For Defendants: Counsel:            */s/      Whitney DuPree*
                                              Whitney DuPree

(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( X )       A possibility of settlement before discovery.

( X )       A possibility of settlement after discovery.

(____)      A possibility of settlement, but a conference with the judge is needed.

(____)      No possibility of settlement.

(c)     Counsel ( X ) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is:  _____.

(d)     The following specific problems have created a hindrance to settlement of this case. *Nothing at this time.*

## 14.   Trial by Magistrate Judge:

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties (___) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of

_____, 20___.

(b)     The parties (__X__) do not consent to having this case tried before a Magistrate Judge of this court.


Respectfully submitted, this January 27, 2022.


| | |
|---|---|
| /s/ *Gordon Van Remmen*<br>Gordon Van Remmen<br>Ga Bar No. 215512<br>Brittany A. Barto<br>Ga Bar No. 501673<br><br>HALL & LAMPROS, LLP<br>400 Galleria Parkway<br>Suite 1150<br>Atlanta, GA 30339<br>(404) 876-8100 telephone<br>(404) 876-3477 facsimile<br>gordon@hallandlampros.com<br>brittany@hallandlampros.com<br><br>*Attorneys for Plaintiff* | /s/ *Whitney DuPree*<br>Whitney DuPree<br>Georgia Bar No. 880909<br><br>SPIRE LAW, LLC<br>2572 W. State Road 426, Suite 2088<br>Oviedo, Florida 32765<br>whitney@spirelawfirm.com<br>ashwin@spirelawfirm.com<br>sarah@spirelawfirm.com<br><br><br>*Attorney for Defendants* |


Plaintiff's counsel certify that this report is in 14-point Times New Roman font.


10

625efea974b6a9eb

# CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2022, I electronically filed the foregoing

*Joint Preliminary Report and Discovery Plan* with the Clerk of Court using the

CM/ECF system which will automatically send email notification of such filing to

the following attorneys of record:


Whitney DuPree
SPIRE LAW, LLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765
whitney@spirelawfirm.com
ashwin@spirelawfirm.com
sarah@spirelawfirm.com


**HALL & LAMPROS, LLP**


/s/      *Gordon Van Remmen*
Gordon Van Remmen
Ga Bar No. 215512