IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| EN DONG,<br><br>    Plaintiff,<br><br>v.<br><br>SUPER HIBACHI DULUTH, INC.,,<br>YUN BAO HUANG and<br>YONGZHAO YAN,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO.  1:21-CV-4689-MHC |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

The discovery period shall be for FOUR (4) MONTHS, beginning January 7, 2022, and ending on May 27, 2022.

Further, in accordance with the mandates of the Eleventh Circuit, the Court believes strongly in the common-law right of access to judicial proceeding as an "essential component of our system of justice[,]" which can be overcome only by a showing of good cause. See Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007). As the case develops and the need arises for parties to file documents protected by the protective order on the docket, the Parties are instructed to carefully review the Northern District of Georgia Local Rules Appendix H, Standing Order No. 16-01, Ex. A (II)(J) and adhere closely to its requirements. The Court wishes to emphasize two mandates of this Standing Order which are often overlooked by litigants. First, requests to seal should be as narrowly drawn as possible, with the movant redacting and requesting sealing for "only those portions of the filing for which there is legal authority to seal." Id. Second, it is often the case that the party seeking to use a protected document and filing the motion to seal did not originally produce the document and mark it confidential under the protective order. Under the Standing Order, it is the burden of the party that first marked the document confidential to establish good cause before the Court to seal the document. Thus, it is not sufficient for the non-movant to consent to the motion to seal. Rather, the non-movant must file a brief in support "(i) identify[ing], with specificity, the documents or portions thereof for

which sealing is requested by the non-movant and (ii) briefly explain[ing] the nature of the requestor designation made by the non-movant." Id. If the non-movant who marked the information confidential fails to file such a brief, they have not established good cause for sealing, and the motion to seal will be denied.

IT IS SO ORDERED this 23rd day of February, 2022.

_____
MARK H. COHEN
United States District Judge